| ]CARTER, Judge,
dissenting and assigning reasons.
I respectfully dissent from the majority opinion for the following reasons.
I agree with the majority opinion that a police jury can create a hospital service district within its parish. However, in my opinion, LSA-R.S. 46:1051 et seq. does not prohibit a hospital service district from operating physical plants and conducting activities beyond the territorial boundaries of the district. I respectfully submit that the ma *171 jority reads into the act provisions that are simply not there.
In 1984, the legislature enacted the Enhanced Ability to Compete amendments to the hospital service district law. In LSA-R.S. 46:1071, the legislature specifically expressed its findings and purpose of the amendments as follows:
The legislature hereby finds that the market for hospital and health care services is becoming increasingly competitive. The legislature finds that the hospital and other health care providers are contracting to engage in economic joint ventures or form partnerships to offer integrated health care services to the public. The legislature finds that this increasing competition is forcing hospitals and other health care providers to develop market strategies and strategic plans to effectively compete. The legislature further finds that hospital service districts are presently at a competitive disadvantage. The legislature hereby declares that the purpose of R.S. 46:1071 through 1076 is to enhance the ability of a hospital service district to compete effectively and equally in the market for health care services. Towards this end, the provisions of R.S. 46:1071 through 1076 shall be construed liberally.
LSA-R.S. 46:1074 provides in pertinent part as follows:
A. In addition to the powers and duties otherwise provided and notwithstanding the provisions of R.S. 41:1211, et seq. or any other law to the contrary, a hospital service district commission and any health facility it owns or operates may acquire, construct, and maintain medical office buildings and facilities and may negotiate the lease of such medical office buildings and facilities or portions thereof provided the lease rental shall be sufficient to recoup over a period of twenty years the capital investment of such hospital service district commission or that of any health facility it owns or operates (emphasis added).
|2Additionally, in 1985, the legislature enacted LSA-R.S. 46:1077 regarding contracts or joint ventures for hospital health services. This provision was set forth in part 2 of the Hospital Service Districts chapter of the Louisiana Revised Statutes entitled “Competition” and in the sub-part entitled “Contracts or Joint Ventures.” LSA-R.S. 46:1077 provides in pertinent part as follows:
In addition to the powers and duties otherwise provided and notwithstanding any other law to the contrary, the board of commissioners of a hospital service district and any corporation or health facility owned or operated by such district or commission may contract with or engage in a joint venture with any person, corporation, partnership, or group of persons to offer, provide, promote, establish, or sell any hospital health service. A hospital service district commission contracting with or engaging in a joint venture with any person, corporation, partnership, or group of persons to offer, provide, promote, establish, or sell a hospital health service shall be presumed to be engaged in a cooperative endeavor as provided by Article VII, Section 14(C) of the Constitution of Louisiana. The commission shall be further presumed to have entered into such contract for the purpose of obtaining a tangible benefit and for a public purpose, and such contract shall not be presumed to be a donation in contravention of Article VII, Section 14(A) of the Constitution of Louisiana (emphasis ours).
I respectfully submit that these provisions authorize Terrebonne HSD to own and operate the Raceland Clinic. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the Legislature. LSA-C.C. art. 9. Both LSA-R.S. 46:1074 and 1077 were enacted “notwithstanding any other law to the contrary.” Neither LSA-R.S. 46:1074 nor 1077 restricts the authorized actions to the territorial boundaries of the hospital service district. Absent such a restriction, I cannot say that such action conducted outside of the territorial boundaries of the hospital service district is illegal or unauthorized. The legislature could easily have inserted a provision that restricted such actions to within the *172 territorial boundaries, if such a restriction was intended.[1]
This interpretation does not lead to absurd consequences, especially in light of the expressed purpose of the Enhanced Ability to Compete amendments. If these provisions are interpreted as restricting the allowed actions to the territorial boundaries |3of a hospital service district, then any contract or joint venture entered into by a hospital service district with a private health care provider would be restricted to providing services within the hospital service district’s territorial boundaries. This would not enhance the hospital service district’s ability to effectively and equally compete in the health care market. Additionally, if such a restriction is applied only to hospital service districts that are not affiliated with private health care providers, then those hospital service districts which choose not to affiliate with private providers will be unable to compete effectively and equally with those hospital service districts which do affiliate, or with the private providers of health care services. Thus, to accept Lafourche HSD’s and the majority’s interpretation of these statutory provisions would be to ignore the stated purpose of the Enhanced Ability to Compete amendments.
I submit that Terrebonne HSD’s actions at issue in this appeal are not prohibited by the constitution and other statutory provisions. First, as previously indicated, the introductory language of LSA-R.S. 46:1074 and 1077 provides “notwithstanding any other law to the contrary.” This phrase evidences the legislature’s intent that even if other laws contain contrary provisions, the actions allowed in LSA-R.S. 46:1074 and 1077 govern. Thus, even if the other statutes cited by Lafourche HSD to support the trial court’s ruling[2] prohibit Terrebonne HSD’s ownership and operation of the Raceland Clinic, issues which need not be addressed herein, the fact that such actions are not prohibited by LSA-R.S. 46:1074 or 1077 precludes a finding that said action is illegal or unauthorized.
I also find meritless the argument that the territorial boundaries of Terrebonne HSD had to be extended by the police jury before Terrebonne HSD could acquire ownership of and operate the Raceland clinic. I further reject the contention that Terrebonne HSD has no greater powers than the parish creating it. Through the Enhanced Ability to Compete amendments, the legislature singled out hospital service |4districts and stated “notwithstanding any other law to the contrary,” hospital service districts could own medical facilities for the purpose of effectively and equally competing in the health care market. Thus, even if police juries are not authorized to acquire property outside its territorial boundaries, the legislature has clearly spoken that the hospital service districts can. In light of this expression of legislative will, I do not find that the Terre-bonne Parish Police Jury had to extend the boundaries of Terrebonne HSD to enable Terrebonne HSD to own and operate the Raceland Clinic. I further agree with the trial court that by virtue of its ownership and operation of the Raceland Clinic, Terrebonne HSD did not extend the boundaries of its hospital service district.
Lafourche HSD further argues that Terre-bonne’s actions at issue in this appeal are in violation of Article VII, Section 14(A) of the Louisiana Constitution of 1974. This constitutional provision states as follows:
Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, *173 association, or corporation, public or private. Neither the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise.
The Louisiana Supreme Court has interpreted this provision to be violated whenever the State or a political subdivision seeks to give up something of value when it is under no legal obligation to do so. City of Port Allen v. Louisiana Municipal Risk Management Agency, 439 So.2d 399, 401 (La.1983).
However, LSA-R.S. 46:1077 expressly provides that a hospital service district commission contracting with or engaging in a joint venture with any person to offer or provide any hospital health service shall be presumed to be engaged in a cooperative endeavor as provided by Article VII, Section 14(C) of the constitution.[3] There is a further presumption that the commission entered into such contract to obtain a tangible benefit and for a public purpose “and such contract shall not be presumed to be aRdonation in contravention of Article VII, Section 14(A)” of the constitution. LSA-R.S. 46:1077.
There is nothing in the present record to rebut the presumptions established by LSA-R.S. 46:1077. Additionally, I fail to see where Terrebonne HSD’s operation of the Raceland Clinic constitutes giving up something of value, where there is no contention that the services are provided free of charge, or that the cost of the services provided at the clinic are subsidized by Terrebonne HSD. Thus, Terrebonne HSD is not giving up anything of value, as it is being compensated for the services it provides at the Raceland Clinic.
In the present ease, it is undisputed that Terrebonne HSD entered into a contract with a physician[4] which it subsequently employed to operate a medical clinic in Race-land. The operation of this clinic has allowed Terrebonne HSD to service its residents who work in Lafourche, as well as those persons who work in Terrebonne but live in La-fourche Parish; Additionally, it has allowed Terrebonne HSD to obtain referrals to its cardiac care department for heart surgery, a specialized service which St. Anne does not provide, rather than having these patients referred outside of the Lafourehe/Terre-bonne geographic area to private facilities which are located further away.
Finally, it is noted that this is not a situation of one hospital service district competing with another hospital service district because St. Anne has chosen to become affiliated with Ochsner, a private health care provider. Instead, this action allows Terrebonne HSD to remain competitive in the ever-changing health care provider market by competing more effectively and on more level ground with the private entities that seek to operate in markets once exclusively serviced by hospital service districts.
For the reasons set forth in this dissent, I would reverse those parts of the judgment of the trial court granting Lafourche HSD’s motion for summary judgment and denying Terrebonne HSD’s motion for summary judgment and would render judgment legranting Terrebonne HSD’s motion for summary judgment declaring that Terre-bonne HSD has the legal right, power and authority to own and operate the Raceland Clinic.

. I note that the legislature has expressly imposed such territorial restrictions regarding services provided by electric public utilities and the ownership and operation of airports. See LSA-R.S. 45:123 and 2:131.

. These statutes include LSA-R.S. 33:1326, which Lafourche HSD contends prohibits the extension of services into another parish without the consent of the other parish; LSA-R.S. 46:1051, which Lafourche HSD argues necessitates the consent of the police jury of a hospital service district when the police jury of another hospital service district desires to alter its boundaries; and LSA-R.S. 46:1064, which Lafourche HSD asserts limits the provision of services of a hospital service district to within the territorial boundaries of the hospital service district.

. La. Const. Art. VII, § 14(C) provides as follows:
(C) Cooperative Endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.

. On appeal, Lafourche HSD has argued that Terrebonne HSD did not enter into a joint venture with respect to the operation of the Race-land Clinic. However, LSA-R.S. 46:1077 also allows a hospital service district to "contract with ... any person.” Lafourche HSD has not disputed that Terrebonne HSD entered into a contract with a physician to operate the Race-land Clinic.